Martin King
Martin Rogers
Jennifer Shannon
WORDEN THANE P.C.
321 W. Broadway St., Ste. 300
Missoula, MT 59802
(406) 721-3400
mking@wordenthane.com
mrogers@wordenthane.com
jshannon@wordenthane.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, BILLINGS DIVISION

| | |
|---|---|
| R JOURNEY, LLC; CEDAR CITY RV RESORT, LLC; CORTEZ RV RESORT, LLC; DIXIE FOREST RV RESORT, LLC, *Plaintiffs*, v. KAMPGROUNDS OF AMERICA, INC., *Defendants*. | Cause No.: CV-22-48-BLG-SPW **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs R Journey, LLC; Cedar City RV Resort, LLC, Cortez RV Resort, LLC, and Dixie Forest RV Resort, LLC allege as follows:

### INTRODUCTION

1. This is an unfair competition case.

COMPLAINT AND DEMAND FOR JURY TRIAL—PAGE 1

2. Defendant Kampgrounds of America, Inc. ("KOA") is intentionally diverting Plaintiffs' customers to KOA's campgrounds by refusing to allow Plaintiffs control over the Google My Business ("GMB") profiles for campgrounds that Plaintiffs purchased from former KOA franchisees.

3. Defendant's intentional and willful interference has caused and continues to cause significant damage to the Plaintiffs.

4. As such, Plaintiffs bring this action seeking all remedies afforded by the Federal and State statutes and common law, including injunctive and monetary relief for Defendant's intentional interference with its business.

## PARTIES

5. Plaintiff Dixie Forest RV Resort, LLC is a Utah limited liability company with its principal place of business in Utah.

6. Plaintiff R Journey, LLC is a Washington limited liability company with its principal place of business in Washington.

7. Plaintiff Cedar City RV Resort, LLC is a Utah limited liability company with its principal place of business in Utah.

8. Plaintiff Cortez RV Resort, LLC is a Colorado limited liability company with its principal place of business in Colorado.

9. Defendant is a Montana corporation with its principal place of business in Billings, Montana. KOA owns, operates, or franchises nearly 500 campgrounds across North America, including approximately 20 campgrounds in Montana.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b) because, as alleged below, Defendant is liable for its misrepresentations under 15 U.S.C. § 1125.

11. Additionally, this Court has jurisdiction over this action under 28 U.S.C. § 1332 because the aggregate amount in controversy exceeds $75,000.00, exclusive of interests and costs, Defendant is a citizen of Montana, and Plaintiffs are citizens of other states.

12. The Court has supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367.

13. Personal jurisdiction in this district is proper because Defendant is incorporated and has a principal place of business in Montana. Likewise, Defendant has solicited and conducted business in the State of Montana, thereby purposefully availing itself of the privilege of acting in the State of Montana. Personal jurisdiction is also proper under Montana's long-arm statute, Mont. R. Civ. P. 4(b), because Defendant regularly transacts business in the State of Montana.

14. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant is a resident of Montana and is subject to this Court's personal jurisdiction.

## FACTS COMMON TO ALL CLAIMS

15. In 2022, Plaintiffs purchased three KOA campgrounds from KOA franchisees:

   a. Plaintiff Dixie Forest RV Resort, LLC purchased 555 S. Main St., Panguitch, Utah, 84721, formerly the Panguitch KOA Holiday;

   b. Plaintiff R Journey, LLC purchased 1121 North Main, Cedar City, Utah, 8427, formerly the Cedar City KOA Journey; Plaintiff Cedar City RV Resort, LLC operates this campground; and

   c. Plaintiff Cortez RV Resort, LLC purchased 27432 US-160, Cortez, Colorado, 81321, formerly the Cortez/Mesa Verde KOA Journey.

(Collectively, the "Campgrounds").

16. The purchase of the Campgrounds included their intangible assets.

17. A GMB profile "is an easy-to-use tool for businesses and organizations to manage their online presence across Google, including Search and Maps. To help customers find your business, and to tell them your story, you can verify your business and edit your business information."[1]

18. For example, the operator of a GMB profile controls the subject business's business listing on Google platforms. The business listing appears in Google Maps and the local result of a Google Search.

---

[1] *See* "About Google Business Profile", https://support.google.com/business/answer/3038063?hl=en&co=GENIE.Platform%3DAndroid .

19. Since purchasing the Campgrounds, Plaintiffs have made several requests for KOA to release the Campgrounds' GMB profiles. KOA has either ignored or denied these requests. KOA has refused to transfer the GMBs in an effort to divert customers from Plaintiffs and to KOA.

20. Google's terms of service for GMB profiles mandate, e.g.:

    a. "You're responsible for the entity listed on your profile . . ."[2]

    b. Operators must "Ensure that your content is correct, up to date, and complete."[3]

    c. Operators must "Reflect your business accurately."[4]

    d. Operators must "Make sure your address and/or service area is accurate and precise."[5]

    e. "There should only be one profile per business, as this can cause problems with how your information displays on Google Maps and Search."[6]

    f. "Only business owners or authorized representatives may verify and manage their business information on a Business Profile."[7]

---

[2] https://support.google.com/business/answer/9292476?hl=en&ref_topic=4540086
[3] *Id.*
[4] https://support.google.com/business/answer/3038177
[5] *Id.*
[6] *Id.*
[7] *Id.*

21. By refusing to comply with Google's terms of service and by refusing to provide Plaintiffs with the Campgrounds' GMB profiles, KOA is depriving Plaintiffs the ability to manage their online Google presence, including its advertising and its Google maps location.

22. Additionally, KOA is intentionally misleading consumers into believing KOA is associated with the Campgrounds by using the Campgrounds' GMB profiles:

    a. When a consumer conducts a Google search for "campgrounds in Panguitch, Utah," the Panguitch KOA Holiday populates as the first result, using the Dixie Forest RV Resort, LLC Campground's address. Defendant is paying for an "Ad" through Google to advertise the Panguitch KOA Holiday, the contents of which were "Confirmed by this business [] days ago." However, there is no KOA in Panguitch, Utah. Yet the website connected to the search result brings consumers to KOA's website showing its campgrounds in Utah. And the phone number associated with the GMB is controlled by KOA. When consumers call that number, they reach a KOA recording which notifies the consumer, "Thank you for calling Campgrounds of America; we are sorry to report that the campground you are trying to reach is no longer within the

        KOA system; for further information on surrounding KOA campgrounds, please visit us online at www.koa.com or call 1-888-562-0000."

b. When a consumer conducts a Google search for "campgrounds in Cedar City, Utah," the Cedar City KOA Journey populates as the first result, using the Cedar City RV Resort, LLC Campground's address. Defendant is using Google to advertise the Cedar City KOA Journey. However, there is no KOA in Cedar City, Utah. Yet the website connected to the search result brings consumers to KOA's website showing its campgrounds in Utah. And the phone number associated with the GMB directs customers to a phone number that KOA controls. When consumers call the number, they get nothing but a dead tone.

c. When a consumer conducts a Google search for "campgrounds in Cortez, Colorado," the Cortez / Mesa Verde KOA Journey populates as the first result, using the Cortez RV Resort, LLC Campground's address. Defendant is paying for an "Ad" through Google to advertise the Cortez / Mesa Verde KOA Journey, the contents of which were "Confirmed by this business [] days ago." However, there is no KOA in Cortez, Utah. Yet the website connected to the search result brings

COMPLAINT AND DEMAND FOR JURY TRIAL—PAGE 7

consumers to KOA's website showing its campgrounds in Utah. And the phone number associated with the GMB directs customers to KOA. When consumers call this number, a KOA representative picks up the phone.

23. In other words, not only has KOA kept the Campgrounds' GMBs hostage, it has taken affirmative actions to divert customers from Plaintiffs and to Defendant.

24. Defendants' statements are literally false because:

   a. Defendant is misrepresenting the names of the Campgrounds by advertising the Campgrounds are called Panguitch KOA Holiday, Cedar City KOA Journey, and Cortez/Mesa Verde KOA Journey when they are not.

   b. Defendant is advertising the existence of KOA campgrounds where none exist; therefore, misrepresenting the geographic origin KOA's campgrounds.

   c. Defendant is advertising the existence of KOA campgrounds where Plaintiffs' Campgrounds existing; therefore, misrepresenting the geographic origin of Plaintiffs' Campgrounds.

   d. Defendant is advertising the existence of KOA campgrounds where Plaintiffs' Campgrounds exist; therefore,

COMPLAINT AND DEMAND FOR JURY TRIAL—PAGE 8

    misrepresenting an affiliation, connection, or association between Plaintiffs and KOA where none exists.

 e. Defendant is advertising the existence of KOA campgrounds where none exist; therefore, misrepresenting the nature of KOA's and Plaintiffs' services.

 f. Defendant is advertising the KOA website is associated with the Campgrounds, when it is not.

 g. Defendant is advertising the KOA phone numbers are associated with the Campgrounds, when they are not.

 h. Defendant is advertising consumers to "Contact this property for rates and availability" via the phone numbers and websites associated with the GMBs, when Defendant is not associated with the Campgrounds.

25. KOA utilizes this deception to intentionally interfere with Plaintiffs' business by diverting customers to KOA campgrounds in alternate locations. The GMB listings re-direct consumers to KOA's website, which lists other KOA campgrounds in those areas. In turn, consumers are misled into believing the Campgrounds are associated with KOA. Additionally, consumers are misled into booking with KOA because they are unable to determine that the Plaintiffs' Campgrounds even exist. Because consumers find the Campgrounds through Google, and are at present unable to determine the Campgrounds even exist,

consumers are unable to book Plaintiffs' campgrounds, causing Plaintiffs significant damage.

26. As a result of KOA's deception, Plaintiffs have suffered both economic and reputational injury. Plaintiffs and Defendant compete for customers. The Campgrounds' bookings are down by at least 20% compared to last year, attributable to Defendant's conduct. The monetary loss is causing financial strain on Plaintiffs and the Campgrounds. For example, Plaintiffs financed the purchase of the Campgrounds. Provided bookings do not improve, the Campgrounds' financial positions may be seriously compromised. Additionally, because consumers are unable to determine whether the Campgrounds even exist, common sense dictates that Plaintiffs' business is being harmed by Defendant's deception, driving customers away from Plaintiffs and to Defendant. And Plaintiffs are suffering reputational harm. For example, potential customers who visit the Campgrounds in person have remarked they believed the Campgrounds were permanently shut down.

**COUNT ONE—UNFAIR COMPETITION (FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN) UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)[8]**

27. Plaintiffs incorporate by reference all preceding paragraphs.

---

[8] Although this action arises under the Lanham Act because it does not allege infringement of a trademark, Plaintiff has not filed Form AO 120.

28. Defendant is making materially false and misleading representations by advertising through the GMB profiles that the Campgrounds are KOA franchises or are otherwise associated with KOA.

29. Defendant is also making false and misleading representations by advertising through the GMB profiles that there are KOA campgrounds located where none exist. Defendant is also making false and misleading representations by advertising the Campgrounds belong to KOA when they do not. Defendant is also making false and misleading representations by advertising KOA campgrounds are located at the same address as the Campgrounds, which they are not.

30. Defendant's representations are made in interstate commerce because they are published on the internet.

31. Defendant's representations cause confusion and mistake and deceive consumers as to the association of the Plaintiffs' Campgrounds with KOA.

32. Moreover, because the GMB profiles re-direct consumers to KOA's webpage, Defendant's representations mislead or deceive customers into believing one of the other KOA campgrounds in the area is the one advertised on the GMB profile.

33. Such representations have a material impact on consumers' purchasing decisions by effectively wiping the Campgrounds off the internet and instead offering alternate KOA locations.

34. Defendant's unauthorized use in commerce of its advertisements as alleged in this Complaint is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiffs, or that Defendant is in some way affiliated with or sponsored by Plaintiffs.

35. Defendant's representations have injured, will continue to inure, and are likely to injure Plaintiffs by (a) diverting Plaintiffs' customers away from the Campgrounds in favor of booking with KOA; (b) misleading consumers by preventing consumers from obtaining knowledge about the Campgrounds; and (c) depriving Plaintiffs the ability to manage its online Google presence, including its advertising and its Google maps location.

36. As a direct and proximate result of Defendant's conduct alleged in this Complaint, Plaintiffs have been harmed and are entitled to damages in an amount to be proven at trial.

37. As a direct and proximate result of Defendant's conduct alleged in this Complaint, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. As such, Plaintiffs are entitled to injunctive relief restraining and enjoining Defendant's present and ongoing conduct.

38. Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### COUNT TWO—INTENTIONAL TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

39. Plaintiffs incorporate by reference all preceding paragraphs.

40. Defendant has acted intentionally by refusing to transfer the GMB profiles for the Campgrounds to Plaintiffs.

41. Defendant has no justifiable right or cause to withhold the GMB profiles because Plaintiffs purchased the campgrounds from Defendant's franchisees. Additionally, Defendant no longer owns or maintains the Panguitch KOA Holiday, Cedar City KOA Journey, or the Cortez/Mesa Verde KOA Journey. And Defendant's refusal to transfer the GMB profiles violates Google's terms of service.

42. Defendant has withheld the Campgrounds' GMB profiles for the purpose of causing damage to Plaintiffs because, as alleged above, such action diverts Plaintiffs' customers away from the Campgrounds and misleads them into booking at a nearby KOA campground.

43. As a direct and proximate result of Defendant's conduct alleged in this Complaint, Plaintiffs have been harmed and are entitled to damages in an amount to be proven at trial.

44. As a direct and proximate result of Defendant's conduct alleged in this Complaint, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. As such, Plaintiffs are entitled to injunctive relief restraining and enjoining Defendant's present and ongoing conduct.

## COUNT THREE—NEGLIGENCE

45. Plaintiffs incorporate by reference all preceding paragraphs.

46. Defendant has a duty to Plaintiffs to exercise reasonable care, skill, and diligence in accurately and fairly advertising the Campgrounds.

47. Defendant has breached its duties by misrepresenting the Campgrounds via the Campgrounds' GMBs as alleged in this Complaint.

48. As a direct and proximate result of Defendant's conduct alleged in this Complaint, Plaintiffs have been harmed and are entitled to damages in an amount to be proven at trial.

49. As a direct and proximate result of Defendant's conduct alleged in this Complaint, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. As

such, Plaintiffs are entitled to injunctive relief restraining and enjoining Defendant's present and ongoing conduct.

## COUNT FOUR—PUNITIVE DAMAGES

50. Plaintiffs incorporate by reference all preceding paragraphs.

51. Defendant is guilty of actual fraud because it has made, and continues to make, the representations that it owns the Campgrounds when it knows those representations are false.

52. Additionally, Defendant has acted with malice by willfully and intentionally interfering with Plaintiffs' business by holding the Campgrounds' GMB profiles hostage. Although Defendant has been notified of this fact, it has deliberately proceeded to act with indifference to the high probability that Plaintiffs' business has been, and is continuing to be, injured.

53. As such, Plaintiffs are entitled to punitive damages.

## JURY DEMAND AND PRAYER FOR RELIEF

Plaintiffs demand a jury trial on all issues. Plaintiffs seek the following relief:

1. For a judgment against Defendant on all counts;

2. For a money judgment for Plaintiffs and against Defendant for:

   a. Actual, compensatory, incidental, exemplary, punitive, and consequential damages consistent with the claims alleged in this Complaint, including, but not limited to:

      1. Three times the amount of Plaintiffs' actual damages in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)); and

    2.     all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiffs for their damages;

  b.   Costs, expenses, and attorneys' fees; and

  c.   Pre and post-judgment interest;

3. For an order directing Defendant to account to Plaintiffs Defendant's profits realized by its wrongful acts;

4. For an order granting preliminary and permanent injunctive relief ordering Defendant its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise to remove, correct and/or refrain from the challenged practices and representations;

5. For an order directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the Court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with such injunction; and

6. Other further relief as the Court deems just and proper.

Dated: May 17, 2022

                                               WORDEN THANE P.C.
                                               *Attorneys for Plaintiffs*

                                               /s/Martin Rogers
                                               Martin Rogers