IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| R JOURNEY, LLC; CEDAR CITY RV RESORT, LLC; CORTEZ RV RESORT, LLC; DIXIE FOREST RV RESORT, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>KAMPGROUNDS OF AMERICA, INC.,<br><br>Defendant/Counter-Claimant,<br><br>R JOURNEY, LLC, and DOES 1-10,<br><br>Counter-Defendants | CV 22-48-BLG-SPW<br><br>ORDER |

Before the Court is Plaintiff R Journey; Cedar City RV Resort, LLC; Cortez RV Resort, LLC; and Dixie Forest RV Resort, LLC's ("Plaintiffs") Motion to Dismiss Defendant's Amended Counterclaims, filed October 11, 2022. (Doc. 27). After reviewing the briefing on the motion, the Court orders the parties to file supplemental briefing on whether the Court has personal jurisdiction over

Guardian, LLC; Laramie RV Resort, LLC; Cheyenne RV Resort, LLC; and Bryce Canyon RV Resort, LLC ("Nonparty Entities") and whether venue is proper.

The Court requires this briefing in order to properly assess Plaintiffs' Rule 12(b)(7) motion to dismiss for failure to join a required party. Plaintiffs allege the Court should dismiss Defendant KOA's ("Defendant") second claim for relief because Nonparty Entities are necessary parties for that claim whose joinder is not feasible because the Court lacks personal jurisdiction and venue is improper. (Doc. 27-1 at 25-28). Plaintiffs only support for this assertion is the relevant arguments it made in its Motion to Dismiss KOA's Counterclaims, filed on September 6, 2022. (*Id.* at 28 (incorporating by references arguments made in Doc. 19 at 10-16)).

The Court cannot rely on Plaintiffs' incorporated arguments because such arguments directly address information in Defendant's original countercomplaint (Doc. 11) that are omitted from Defendant's amended countercomplaint (Doc. 25). Under Ninth Circuit law, the Court cannot consider the original countercomplaint on a motion to dismiss once an amended countercomplaint is filed. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc) ("[T]he general rule is that an amended complaint super[s]edes the original complaint and renders it without legal effect."). As such, the Court cannot consider the facts concerning

personal jurisdiction in Defendant's original countercomplaint that Plaintiffs' alleged in its first motion to dismiss deprived the Court of personal jurisdiction.

Plaintiffs' argument that Defendant failed to prove personal jurisdiction over Nonparty Entities in its Amended Countercomplaint or in its response to Plaintiffs' Motion to Dismiss Defendant's Amended Counterclaims are unavailing. On a Rule 12(b)(7) motion, *Plaintiffs* have the burden to show that a claim should be dismissed for failure to join a required party. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). So, for the Court to grant Plaintiffs' request for dismissal, Plaintiffs have the burden of showing the Court lacks personal jurisdiction over Nonparty Entities or venue is improper. Fed. R. Civ. P. 19(b); *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 780 (9th Cir. 2005). Since the Court is unable to pull from the information in Defendant's original complaint, Plaintiffs' arguments by incorporation are insufficient.

Finally, Defendant entirely failed to address jurisdiction in its discussion of joinder in its response brief. Normally, such failure would waive Defendant's ability to object to jurisdiction later on. *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (citations omitted). However, because Plaintiffs likewise failed to meet their burden, the Court has determined that supplemental briefing is appropriate.

IT IS HEREBY ORDERED that Plaintiffs are to file an opening brief on whether the Court has personal jurisdiction over Guardian, LLC; Laramie RV Resort, LLC; Cheyenne RV Resort, LLC; and Bryce Canyon RV Resort, LLC, and whether venue is proper to inform the Court's decision on Plaintiffs' Rule 12(b)(7) motion by December 20, 2022. Response and reply briefs shall be filed by the respective parties according to the deadlines in Local Rule 7.1(d).

DATED this 5th day of December, 2022.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge